UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJAKUMARI SUSHEELKUMAR o/b/o
OMANA AMMA THANKAMMA,

                Petitioner,

   v.

JASON SIMS, et al.,

                Respondent.

Case No. C19-1881-JCC-MLP

ORDER STRIKING PETITIONER'S
REQUEST FOR A TEMPORARY
RESTRAINING ORDER

## I.    INTRODUCTION

This matter comes before the Court upon Petitioner's response to the Court's order to show cause, which includes a request for a temporary restraining order in this habeas petition brought pursuant to 28 U.S.C. § 2241. (Dkt. # 7.) Rajakumari Susheelkumar brought this petition on behalf of an elderly and disabled woman, Omana Thankamma, although Ms. Thankamma has a state court-appointed guardian. (Dkt. # 1.) Petitioner alleges that Ms. Thankamma is being confined in Harborview Medical Center ("Harborview") and has been denied contact with her family and friends for nearly five months. (*Id*. at 1.) King County Superior Court apparently appointed Ms. Thankamma a state court-appointed guardian, Channa Copeland, in November

ORDER STRIKING PETITIONER'S
REQUEST FOR A TEMPORARY
RESTRAINING ORDER - 1

2018. (*Id.* at 2.) For the reasons discussed below, the Court strikes Petitioner's request for a temporary restraining order.

## II. DISCUSSION

Petitioner submitted her habeas petition on November 19, 2019. (Dkt. # 1.) On November 27, 2019, the Court ordered Petitioner to show cause by December 27, 2019 why this matter should not be dismissed for a number of apparent deficiencies. (Dkt. # 5.) First, it does not appear Ms. Thankamma is in custody following a criminal conviction, or that Petitioner is challenging the validity of any such conviction or sentence, as required for 28 U.S.C. § 2241 petitions. (*Id.* at 2.) Second, it appears that Petitioner is attempting to challenge Harborview's failure to grant Ms. Thankamma's relatives access to her due to a state court order appointing guardianship, which would be more appropriately brought in the related case, *Jayakrishnan Nair, et al. v. Channa Copeland, et al.*, Case No. C19-1296-MJP, which involves challenges to the guardianship and includes Rajakumari Susheelkumar as a named Plaintiff and Harborview as a named Defendant. (*Id.* at 2-3.) Lastly, it is not clear that Petitioner has standing to sue on Ms. Thankamma's behalf as it appears her affairs are being handled under a guardianship order with a duly-appointed guardian. (*Id.* at 3.)

On December 27, 2019, Petitioner submitted a response to the Court's order to show cause. (Dkt. # 7.) In her response, Petitioner reasserts the allegations regarding Ms. Thankamma from her habeas petition. (*Id.*) Petitioner seeks to make arrangements to return Ms. Thankamma to India to be reunited with her family and friends, and to free her from alleged illegal solitary confinement. (*Id.* at 3.) Petitioner alleges that without a temporary restraining order, she faces serious, irreversible harm of Ms. Thankamma's impending death as a result of her alleged isolation and lack of care from her family. (*Id.* at 35.)

| | |
|---|---|
| 1 | The standard for issuing a temporary restraining order is the same as that for a |
| 2 | preliminary injunction. *Stuhlbarg Int'll Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 |
| 3 | (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to |
| 4 | succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary |
| 5 | relief, that the balance of equities tips in his favor, and that an injunction is in the public |
| 6 | interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also |
| 7 | qualify for a preliminary injunction by showing that there are serious questions going to the |
| 8 | merits of his claim and that the balance of hardships tips sharply in his favor, so long as the |
| 9 | irreparable harm and the public interest factors in *Winter* are also met. *Alliance for the Wild* |
| 10 | *Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). |
| 11 | While the Court is sympathetic to the allegations in Petitioner's pleadings, the response |
| 12 | fails to correct any of the deficiencies identified in the Court's order to show cause. Therefore, |
| 13 | there is no viable habeas petition in this matter and Petitioner cannot establish she is likely to |
| 14 | succeed on the merits. The Court notes that Petitioner filed a nearly identical request for a |
| 15 | temporary restraining order in the civil rights matter in *Jayakrishnan Nair, et al. v. Channa* |
| 16 | *Copeland, et al.*, Case No. C19-1296-MJP on the same day she submitted the response to the |
| 17 | Court's order to show cause. That request for a temporary restraining order contains the same |
| 18 | statement of issues and legal analysis. (*Compare* (Dkt. # 7 at 12-13, 14-30) *with* (*Jayakrishnan* |
| 19 | *Nair, et al. v. Channa Copeland, et al.*, Case No. C19-1296-MJP Dkt. # 40 at 9-10, 10-28).) |

### III. CONCLUSION

Accordingly, the request for a temporary restraining order which was appended to Petitioner's response to the Court's order to show cause (dkt. # 7) is stricken.

ORDER STRIKING PETITIONER'S
REQUEST FOR A TEMPORARY
RESTRAINING ORDER - 3

1     The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 27th day of December, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge