UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJAKUMARI SUSHEELKUMAR,

              Petitioner,

    v.

JASON SIEMS, *et al.*,

              Respondents.

Case No. C19-1881-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the Court upon a habeas petition brought pursuant to 28 U.S.C. § 2241 on behalf of an elderly and disabled woman, Omana Thankamma, by her daughter Rajakumari Susheelkumar, although Ms. Thankamma has a state court-appointed guardian.[1] (Dkt. # 1 ("Petition").) Petitioner alleges that Ms. Thankamma is being confined in Harborview Medical Center ("Harborview") and has been denied contact with her family and friends for nearly five months. (*Id*. at 1.) King County Superior Court apparently appointed Ms. Thankamma a state court-appointed guardian, Channa Copeland, in November 2018. (*Id*. at 2.)

---

[1] Petitioner filed this petition as a § 2241 petition. However, the petition states that Ms. Thankamma is being "confined" at Harborview, which would be more appropriately brought under a § 2254 petition. Construing the petition either way, Petitioner's habeas petition should be dismissed.

REPORT AND RECOMMENDATION - 1

1  For the reasons discussed below, the Court recommends Petitioner's habeas petition be
2  dismissed.

3                    **II.     BACKGROUND**

4  Petitioner submitted her habeas petition on November 19, 2019. (Dkt. # 1.) The petition
5  alleges Ms. Thankamma is "illegally held incommunicado in solitary confinement" at
6  Harborview, and requests Ms. Thankamma be allowed unrestricted visits from her family and
7  friends and to be permitted to return to India. (Petition at 2, 7.) On November 27, 2019, the Court
8  ordered Petitioner to show cause why this matter should not be dismissed based on a number of
9  legal deficiencies. (Dkt. # 5.) On December 27, 2019, Petitioner submitted a response to the
10 Court's order to show cause. (Dkt. # 7 ("Response").) Petitioner's response reasserts the
11 allegations regarding Ms. Thankamma's placement at Harborview from the habeas petition. (*Id.*)
12 Petitioner's response also clarifies that Ms. Thankamma's family agreed to the appointment of
13 Ms. Thankamma's guardian. (*Id.* at 12.) The response further indicates that the court-appointed
14 guardian placed Ms. Thankamma in a nursing facility and that during her stay, Ms. Thankamma
15 was moved to Harborview due to medical issues. (*Id.*) It appears Ms. Thankamma's admittance
16 into Harborview, and Harborview's alleged restriction of the family's access to Ms. Thankamma,
17 forms the basis of Petitioner's habeas petition. Petitioner's response also reasserts that Petitioner
18 seeks to make arrangements to return Ms. Thankamma to India. (*Id.* at 3.)

19 Petitioner's response also sought a temporary restraining order based on the allegation
20 that she faces serious, irreversible harm of Ms. Thankamma's impending death as a result of her
21 alleged isolation and lack of care from her family. (*Id.* at 35.) The Court found Petitioner's
22 response failed to correct the deficiencies identified in the Court's order to show cause. (Dkt. #
23

REPORT AND RECOMMENDATION - 2

3.) The Court also ordered Petitioner's request for a temporary restraining order to be stricken as there is no viable habeas petition. (*Id.*)

### III.   DISCUSSION

United States Code Title 28, Section 2241 confers jurisdiction on a federal district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). An issued writ must be directed "to the person having custody of the person detained." *Id.* § 2243; *see also Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004) (same under § 2255); *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir. 1996) (same under § 2254); Rules Governing Section 2254 Cases in the United States District Courts 2(a). The custodian is the person commanded in this regard, and the law will substitute no other. *See, e.g., Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 39 (1985). For inmates and detainees, this person is typically the warden of the facility in which the petitioner is confined. *Ortiz-Sandoval,* 81 F.3d at 894.

The Court may dismiss the petition and not entertain the writ if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In *Preiser v. Rodriguez,* the United States Supreme Court explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." 411 U.S. 475, 484 (1973); *see also Burnett v. Lampert,* 432 F.3d 996, 999 (9th Cir. 2005) (same).

As a threshold issue, it is not clear that Petitioner has standing to sue on Ms. Thankamma's behalf. Under state law, "when there is a guardian of the estate, all actions between the incapacitated person or the guardian and third persons … shall be prosecuted by or

against the guardian of the estate as such. The guardian shall represent the interests of the incapacitated person …." RCW 11.92.060. Here, it appears Ms. Thankamma's affairs are being handled under a guardianship order with a duly-appointed guardian, and therefore this petition is not properly brought by Petitioner on behalf of Ms. Thanksamma.

Even assuming that Petitioner does have standing to bring this action on behalf of Ms. Thankamma, federal jurisdiction does not extend to the circumstances in this matter. Petitioner's habeas petition does not suggest that Ms. Thankamma is in custody following a criminal conviction, or that Petitioner is challenging the validity of any such conviction or sentence. Rather, the petition asserts that she and her family are unable to have visitation or access to Ms. Thankamma because she is being illegally held in "solitary confinement" at Harborview. (Petition at 1-2.)

Petitioner appears to assert that because Ms. Thankamma is a citizen of India, her confinement at Harborview is a violation of the "Indo-American travel treaties (signed circa 1954 by then Heads of States Nehru and Eisenhower, allowing safe passages for citizens of either nation through the other), the 1949 Geneva Convention that states nationals of ratifying sovereign states (which includes the USA and India) … as well as the terms of her B1/B2 visa." (Response at 8.) Despite Petitioner's assertion, the Court is unaware of any authority holding that an individual's confinement in a hospital, pursuant to a decision by an agreed upon court-appointed guardian, constitutes either being in "custody" in violation of the Constitution, law, or treaties of the United States or serving a "sentence" for such a violation.

Petitioner's argument is further eroded based on Petitioner's recent filings in her 42 U.S.C. § 1983 civil rights matter, *Jayakrishnan Nair, et al. v. Channa Copeland, et al.*, Case No. C19-1296-MJP ("*Nair, et al.*"), which challenges, *inter alia*, Harborview's alleged interference

REPORT AND RECOMMENDATION - 4

with the family's visitation to Ms. Thankamma. In that matter, Petitioner filed a motion for reconsideration of the denial of her motion for permanent injunction and application for *ex parte* temporary restraining order. *Nair, et al.*, Case No. C19-1296-MLP (Dkt. # 49). In her motion, she states, in relevant part, that Ms. Thankamma was recently discharged from Harborview and placed in another healthcare facility. *Id.* at 1. Petitioner asserts that Ms. Thankamma was later re-admitted to the intensive care unit ("ICU") at Harborview due to respiratory failure. *Id.* Lastly, Petitioner asserts that she is not satisfied with the quality of the healthcare facility and therefore seeks a temporary restraining order to prohibit Ms. Thankamma from being removed from Harborview until she can be returned to India. *Id.* at 2-4. Accordingly, it does not appear Petitioner's challenge to Ms. Thankamma's "confinement" at Harborview warrants habeas relief.

While Petitioner's habeas petition appears to focus on Ms. Thankamma's confinement at Harborview and the family's lack of access to her there, the Court liberally construes her pleadings due to her *pro se* status. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987). Accordingly, to the extent Petitioner seeks to terminate Ms. Thankamma's guardianship through her habeas petitioner, the Court will also address the issue of guardianship.[2]

Although the Ninth Circuit has not directly addressed whether federal habeas corpus jurisdiction extends to adult guardianship cases, the First Circuit has held in a persuasive opinion that it does not. *See Hemon v. Office of Pub. Guardian,* 878 F.2d 13 (1st Cir. 1982). In that case,

---

[2] As discussed above, Petitioner also brought a civil rights matter in *Nair, et al.* That matter challenges Ms. Thankamma's guardianship in addition to her placement at Harborview. Petitioner submitted a motion for a temporary restraining in that matter on the same day she submitted her response and request for a temporary restraining order in this matter. The two pleadings are substantially the same. (*Compare* (Response) *with* (*Nair, et al.* (Dkt. # 40).) It is not entirely clear to the Court which allegations in Petitioner's response are intended to apply to the habeas petition, as much of the pleading appears to address the § 1983 claims in *Nair, et al.*, and whether the doctrine of Rooker-Feldman applies. *See Nair, et al.* (Response at 14-31). To err on the side of caution, the Court will address Petitioner's assertion that "the guardianship imposed on [Ms. Thankamma] is illegal even by State statutory definition." (Response at 7.)

REPORT AND RECOMMENDATION - 5

a son filed an application for writ of habeas corpus seeking to nullify the Office of Public Guardian's status as his mother's guardian. *Id.* at 14. The First Circuit held that a dispute over adult guardianship is not within the scope of federal habeas corpus jurisdiction because it involves an area of state domestic relations law. *Id.* at 15. In so concluding, the court explained that the United States Supreme Court has held that the federal habeas corpus statute does not confer jurisdiction to consider a collateral attack on a state court judgment that terminates parental rights because "[t]he federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." *Id.* at 14 (quoting *Lehman v. Lycoming Cnty Children's Services Agency,* 458 U.S. 502, 515-16 (1982)). The First Circuit acknowledged that *Lehman* involved child custody and not adult guardianship. *Id.* at 15. However, the court determined that the reasoning in *Lehman* extended with full force to disputes involving adult guardianship. *Id.*

In this case, the undersigned agrees with the First Circuit's rationale and finds that the dispute over Ms. Thankamma's guardianship is not within the scope of this federal Court's habeas corpus jurisdiction. Accordingly, to the extent Petitioner seeks to challenge Ms. Thankamma's court-appointed guardianship, Petitioner is not entitled to habeas relief.

Because Petitioner's response to the Court's order to show cause did not address the deficiencies identified in the habeas petition, and it does not appear the deficiencies can be cured, the Court recommends that Petitioner's habeas petition and this matter be dismissed. A proposed order accompanies this Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends this matter be DISMISSED with prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 24, 2020**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

Dated this 8th day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7